1            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF COLUMBIA**

2

3

UNITED STATES OF AMERICA,

4                                    Criminal Action
           Plaintiff,             No. 1:21-cr-0418

5

      vs.                        Washington, DC

6                                      October 21, 2021
ERIC BOCHENE,

7                                    11:03 a.m.
          Defendant.

8    _____/

9

10            **TRANSCRIPT OF VIDEO STATUS CONFERENCE**
          **BEFORE THE HONORABLE RANDOLPH D. MOSS**

11              **UNITED STATES DISTRICT JUDGE**

12

13  <u>**APPEARANCES:**</u>

14  **For the Government:**    **ANITA EVE**
                         USAO-PA

15                         615 Chestnut Street
                         Philadelphia, PA 19106

16

  **For the Defendant:**     **JOHN GILSENAN**

17  **_(Standby Counsel)_**     FPD-NY
                         4 Clinton Square, 3rd Floor

18                         Syracuse, NY 13202

19

20

21

22

  **Court Reporter:**       **JEFF HOOK**

23                         Official Court Reporter
                         U.S. District & Bankruptcy Courts

24                         333 Constitution Avenue, NW
                         Room 4700-C

25                         Washington, DC 20001

1              **P R O C E E D I N G S**

2              **DEPUTY CLERK:**  This is criminal action 21-418, the

3    United States of America v. Eric Bochene.  The defendant is

4    appearing by video.  Also by video for the government, Anita

5    Eve; and standby counsel is John Gilsenan.

6              **THE COURT:**  Well, good morning everybody.  Before

7    we get going, I just want to remind everybody it's not

8    permitted to record or rebroadcast these proceedings, and

9    I'll order that nobody do so.  In addition, let me ask that

10   everyone mute your microphones when you're not speaking so

11   we don't get feedback.

12             Ms. Eve, does the government have any objection to

13   our proceeding by videoconference today?

14             **MS. EVE:**  No, Your Honor.

15             **THE COURT:**  Mr. Bochene, any objection to our

16   proceeding by videoconference today?

17             **THE DEFENDANT:**  Sorry about that.  Can you hear

18   me?

19             **THE COURT:**  Yes.

20             **THE DEFENDANT:**  Yes, hi, everyone.  I see that I

21   was on mute here.  Okay, no, no objection.

22             **THE COURT:**  Okay.  So, Ms. Eve, do you want to

23   update the Court on where things stand from the government's

24   perspective, and what you propose for next steps?

25             **MS. EVE:**  Yes, Your Honor.  I prepared a plea

1    letter and a statement of offense, and I forwarded that to

2    both Mr. Bochene and Mr. Gilsenan I think it was yesterday.

3    So I'm assuming that Mr. Bochene is reviewing the terms of

4    the plea.  And because I also forwarded it to Mr. Gilsenan,

5    I hope that he would avail Mr. Gilsenan of any opportunity

6    to respond to any questions that he may have.

7            **THE COURT:**  Where are we on discovery?

8            **MS. EVE:**  Your Honor, the discovery has been

9    supplied to both Mr. Bochene and counsel.

10           **THE COURT:**  Can I ask you, in most of these cases

11   involving the events of January 6th, there has been

12   confidential discovery that the government has provided

13   pursuant to a protective order, including video.

14           What is the government doing about that in this

15   case in light of the fact that Mr. Bochene is representing

16   himself?

17           **MS. EVE:**  With regard to Mr. Bochene, I have not

18   sought a protective order.  I will be seeking one for the

19   voluminous discovery that exists with regard to the

20   January 6th events.  But with respect to all the discovery

21   as it pertains to Mr. Bochene, all of that has been turned

22   over.  There hasn't been anything pertaining to this

23   defendant that has been deemed highly sensitive.

24           **THE COURT:**  And what about the other discovery,

25   when is that going to get to him?

1    **MS. EVE:**  Your Honor, I can't answer that.  I know

2    that the U.S. Attorney's Office has retained the services of

3    Deloitte for the purpose of compiling all of that discovery.

4    And I think it may be January or February of 2022.

5    **THE COURT:**  I think you need to figure out how

6    that's going to work with respect to Mr. Bochene since he's

7    representing himself.  My understanding is there's a

8    database that has been created that the Federal Public

9    Defender is managing from the defense side, and then

10    providing access to individual counsel pursuant to

11    protective orders to that database.

12    **MS. EVE:**  Yes.

13    **THE COURT:**  But you need to figure out how that's

14    going to work with respect to Mr. Bochene.  Does he have to

15    come to D.C. to review the discovery at the Federal Public

16    Defender's office?  How is he going to get access to that

17    discovery?  We need an answer to that.

18    **MS. EVE:**  Your Honor, I will make some inquiries,

19    and I will let the Court know.

20    **THE COURT:**  Okay.  Anything else, Ms. Eve?

21    **MS. EVE:**  No, Your Honor.

22    **THE COURT:**  What do you propose for next steps?

23    **MS. EVE:**  Your Honor, I think that that's a

24    question better answered by the defense.  In terms of the

25    government, as I previously indicated, we've supplied a plea

1    letter.  I think that Mr. Bochene should have an opportunity

2    to review that, ask his standby counsel any questions he may

3    have, and then we can apprise the Court of whether that plea

4    is going to be acceptable.  If so, then we will ask for a

5    date for the plea hearing.  And if it's not, then we will

6    either have to engage in further negotiations or apprise the

7    Court of a trial date.

8         THE COURT:  Well, you don't mean apprise the Court

9    of a trial date, but ask the Court for a trial date.

10        MS. EVE:  Yes, apprise the Court we will need a

11   trial date, I apologize.

12        THE COURT:  Okay, fair enough.  Let me hear from

13   Mr. Bochene then.

14        So where do things stand from your perspective,

15   sir?

16        THE DEFENDANT:  At this point, I haven't gone

17   through the letter too much, but right off the bat it does

18   not look very appealing to me.  If you don't mind, I have

19   some notes here --

20        THE COURT:  Let me just tell you one thing before

21   you get into that.  I'm happy to let you say whatever you

22   want to say, but you should know under the rules of criminal

23   procedure, the Court is not allowed to get involved in plea

24   negotiations.

25        THE DEFENDANT:  I understand that.

1      **THE COURT:**  It has to be between the parties.

2  It's not my role to play any role in the plea negotiations.

3  I'm happy to hear what you have to say, but I can't do

4  anything with respect to those negotiations.

5      **THE DEFENDANT:**  Right, well, I think this does

6  apply to you, because at this point I'm heavily leaning

7  towards motioning the Court, Your Honor, to move towards an

8  evidentiary hearing.

9      **THE COURT:**  Do you mean a trial?

10      **THE DEFENDANT:**  Yeah, a preliminary trial, an

11  evidentiary hearing, more of the discovery like we were

12  discussing.  Now that's where I'm pretty much standing at,

13  leaning towards.  Does that --

14      **THE COURT:**  Well, it's obviously up to you as to

15  whether you decide to accept the plea or even decide to

16  engage in plea discussions.  I'm not quite sure what you

17  mean by preliminary evidentiary hearing.  If you file a

18  motion and the Court concludes that the motion merits some

19  development of the evidence, then that's something I would

20  consider.  Or we can also set a trial date if you want to

21  just put the government to its burden of proof in the case

22  and put on a defense, if you choose to do so.

23      **THE DEFENDANT:**  May I ask the prosecution or the

24  Court a simple question?

25      **THE COURT:**  You can ask it.  I'm not sure whether

1    I can answer it, but you're welcome to ask it.

2          **THE DEFENDANT:**  Well, I'm going to ask you.  I

3    have a question:  Does the prosecution have a witness that I

4    can depose?

5          **THE COURT:**  Typically there are no depositions in

6    criminal cases.  This is something that hopefully

7    Mr. Gilsenan, as your standby counsel, can help you with.  I

8    cannot provide you with legal advice as the Court.  I need

9    to be neutral, and I'm not the one advising one side or the

10   other about what the law is.  I decide issues that are

11   presented to me.  So I need to be careful not to be actually

12   providing legal advice to anybody in the case.

13          But I think Mr. Gilsenan has been extremely

14   helpful and cooperative, and if you have questions about the

15   law, I'm confident Mr. Gilsenan would be happy to answer

16   those questions for you.

17          **THE DEFENDANT:**  Oh God, you're making me backtrack

18   things here.  May I have about five minutes without

19   interruption to convey these notes I have?

20          **THE COURT:**  Well, I can't guarantee you without

21   interruption.  It's the Court that decides what's

22   appropriate, but you're welcome to address the Court.

23          **THE DEFENDANT:**  Okay, thank you very much.  And

24   again, I'm not rehearsing this.  Again, I just got in last

25   night and I crafted this, so you're going to have to pardon

1    me, this is not rehearsed, okay.  So not to get into

2    semantics, I know we've had some previous status meetings

3    that I've gotten into semantics.  So to be very clear at

4    this point, I'd like to address some facts to this case that

5    bring cause to my already submitted motion to dismiss, which

6    I know you received.

7         **THE COURT:**  I did not receive a motion to dismiss.

8    I received your motion with respect to fees and costs, but

9    that's all I've received from you.

10        **THE DEFENDANT:**  Well, okay.  Also, I've

11   submitted -- and I just printed it out, an affidavit of

12   facts -- see, this is why, Judge, that I'm really not

13   interested in being represented by a member of the bar

14   association -- not to go into much details, but simply put

15   that way.  I'm being hindered, and I'm very perplexed as to

16   why my affidavit of facts has not been entered into the

17   court record.  The only thing I can presume is that a member

18   of the bar that's acting as my attorney hinders me.  I've

19   said it before and --

20        **THE COURT:**  You're representing yourself now, so

21   there's -- you're representing yourself, and it's up to you

22   to make sure that you file things properly with the Court.

23   You don't have a lawyer at this point, Mr. Gilsenan is there

24   as standby counsel.  But you are representing yourself at

25   this point, and it's your responsibility to make sure things

1    are properly filed.

2             **THE DEFENDANT:**  Okay.

3             **THE COURT:**  And if you have questions about that,

4    you can contact the Clerk's Office.  And if you're unsure as

5    to whether something is properly filed or not, call the

6    Clerk's Office and they can let you know whether they've

7    received it, let you know whether it's been filed.  And if

8    there's a problem, they can tell you what the problem is

9    with respect to a submission you've sent to the Clerk's

10   Office.

11            **THE DEFENDANT:**  It's my understanding, because I'm

12   not a member of the bar, a licensed attorney -- whichever

13   term you wish to utilize, that I am limited with the PACER

14   filing, I have no ability to file via PACER; is that

15   correct?

16            **THE COURT:**  Well, you can file a motion with the

17   Court for leave to have access to PACER, you can do that.

18   And again, maybe Mr. Gilsenan can tell you about how to do

19   that.  You can file a motion to participate in PACER and

20   have access.  Under the local court rules -- which you

21   should read, there are rules about what you need to do in

22   order to obtain access to PACER and certifications you need

23   to make to the Court.  But you can also file papers without

24   PACER by simply providing them to the Clerk's Office and

25   working with the Clerk's Office to make sure they're

1   properly filed.

2          **THE DEFENDANT:**  Okay, because I do have a number

3   of documents.  One is an affidavit of fact -- or statement

4   of facts, whichever title you prefer.  I think I used

5   affidavit of facts.  It was notarized, dated, sworn

6   testimony.  That has been sent to the prosecution, the

7   Court.  Mr. Gilsenan I believe got it from e-mail.  It's

8   dated.  I find it --

9          **THE COURT:**  If you sent it to the Clerk's Office,

10  I haven't seen it, but you might check in with the Clerk's

11  Office.  It's possible it's in the process of being docketed

12  and they haven't gotten it on the docket yet.  All I can

13  tell you is I haven't seen it yet.  I would recommend that

14  you call the Clerk's Office, if you sent it to the Clerk's

15  Office, and follow up about why it has not yet been

16  docketed.

17         **THE DEFENDANT:**  Okay.  And by the way, I just --

18  I'm not trying to -- but I did not really find it in good

19  faith where my fee schedule was interpreted by the media as

20  a demand.  It was not an invoice, it's not a bill, it is

21  not -- it was not a demand of anything.  I did not find that

22  to be acting in good faith.  I don't know whose decision it

23  was to put -- I'm not laying blame, but yeah.  Where is my

24  demand?  Did I invoice, did I bill?

25         **MR. GILSENAN:**  Mr. Bochene, when you file those

1    things, they become public record.  The public at large can

2    review them, including the news media.

3             **THE DEFENDANT:**  I get that.  Although it's not a

4    demand, it's a fee schedule, that's all it is.

5             **MR. GILSENAN:**  But if it's out there, people can

6    interpret it the way they want.

7             **THE DEFENDANT:**  Yes, I get that.  I get that, and

8    I'm --

9             **THE COURT:**  Mr. Bochene, let me just try and steer

10   us back to what I need to do for today.  I need to figure

11   out what the next steps are in the case.

12            Do you have a proposal?  Are there motions that

13   you would like to file?  Is there a schedule you want to

14   propose?  What would you like to have happen next in the

15   case?

16            **THE DEFENDANT:**  Well, apparently I definitely need

17   to get my affidavit of facts -- or statement of facts into

18   and on the record.  I created this months ago, and it's been

19   in limbo.

20            **THE COURT:**  Mr. Bochene, with respect to that, you

21   know, you can file it, but I'm not quite sure what a

22   statement of facts is in this context.  It's not a document

23   that the Court typically sees in a criminal case of this

24   nature, and it doesn't sound to me from what you're

25   describing that you're asking the Court to do something.

1    Typically when somebody files something with the Court, it's

2    asking the Court to do something:  You're asking me to

3    dismiss the case, dismiss particular counts, to set a trial

4    date, to suppress evidence, things of that nature.

5         And so when you file something with the Court, you

6    need to think about what is it that I'm asking the Court to

7    do with this.  Because if it's just something like here's

8    this statement of facts, there's nothing for me to do with

9    it.  It just will just appear on the docket in the case and

10   that's it.  I won't have anything to do in response to that.

11        **THE DEFENDANT:**  I understand that, but it would

12   have been the prosecution's job to review the affidavit of

13   facts and rebut it point for point.

14        **THE COURT:**  No, that's just not the way the

15   criminal system works.  Again, this does cause me some

16   concern about your representing yourself in the case,

17   because under the rules, that's just not the way the process

18   works.  The way the process works here is that the

19   government has the burden of proof in the case beyond a

20   reasonable doubt.  You don't have any burden at all with

21   respect to the facts in the case.  You're welcome to, if you

22   want to, to rebut the government's case.  But the government

23   puts on its case and puts its evidence forth, and then you

24   can either say the government just hasn't carried its burden

25   and you don't have anything to say or you can offer your own

1    evidence rebutting what they have to say.  But that

2    typically comes at trial, in the trial in the case.

3            Before trial, there typically is motions practice

4    on issues that may be in dispute.  It would be appropriate,

5    if you wanted to, to file a motion to dismiss, if you had a

6    good faith basis for doing so.  If there were evidence that

7    you thought was improper and should be suppressed, you can

8    file a motion seeking to suppress evidence.  There may be

9    various motions, but you need to consult the rules and talk

10    to Mr. Gilsenan about what appropriate motions may be.

11            So what we need to do is set a schedule.  If there

12    are any motions that you'd like to file, you need to make

13    sure they're appropriate motions under the Federal Rules of

14    Criminal Procedure.  You can file those motions and the

15    Court will consider them, the government will respond and I

16    can decide any such motions.  And then once the motions are

17    resolved, assuming that the information or indictment is not

18    dismissed, then we proceed to trial.  And at trial, we'll

19    start off by choosing a jury, and then there will be opening

20    statements and the presentation of evidence.  The government

21    will go first and present its evidence.  At that point in

22    time is when you -- if you choose to do so, but you're not

23    required to do so.  But if you choose to do so, at that

24    point in time you can present your own evidence showing why

25    you think the government's evidence does not prove its case.

1    Then the government would have an opportunity to put on a

2    rebuttal case.  There are closing arguments, and then I

3    instruct the jury and the case goes to the jury and the jury

4    makes its decision.  That's the way the process works.

5         **THE DEFENDANT:**  I get that, and that's probably

6    what I'm leaning to.  Because, for the record, I take this

7    as an assault on not only my First Amendment, but ours.  I

8    was there -- the facts will show that I was there as an

9    independent journalist, that's it.  The definitions that the

10   prosecution -- these charges, parading, picketing, I --

11        **THE COURT:**  So let me ask you, Mr. Bochene,

12   though, what do you propose?  I mean, I can just set a

13   schedule, but I'd like to hear what you propose before I

14   just go ahead and set a schedule.  But my inclination would

15   be to set a deadline and say if either you or the government

16   wants to file a motion, I'll set a date by which the motions

17   need to be filed.  I'll set a date for responses, a date for

18   replies.  If we need a hearing, we can schedule a hearing.

19   And then once we're through that, we can set a trial date.

20        **THE DEFENDANT:**  At the end of this statement,

21   which we've been -- basically from my point, you know, once

22   my evidence -- I would like to submit evidence.  Once it's

23   submitted -- which should take me about a week, because I'm

24   probably I would say halfway through.  As it stands now, I'm

25   ready for trial, because I have basic -- I've already

1      compiled basic case law arguments.  And from my perspective,

2      the evidence is overwhelming, so it should be pretty easy to

3      complete.  Like I said, I'm probably halfway, if not more,

4      through.

5              **THE COURT:**  The one question I have about setting

6      a trial date is that I understand from Ms. Eve that the

7      government has produced to you at this point in time the

8      evidence that it has that is specific to you.  There is also

9      an enormous amount of evidence that relates to the events of

10     January 6th, huge amount.  It's possible that unbeknownst to

11     Ms. Eve, that some of these hundreds and hundreds of hours

12     of video show you on it at some point in time.  It's

13     possible that it shows something else that you may think is

14     relevant to your case.  I don't think Ms. Eve knows that for

15     sure, and I certainly don't know it for sure.

16             The question for me is you have every entitlement

17     to have access to that evidence before you go to trial, but

18     I want to make sure that you make a knowing and informed

19     decision.  You can also say to me:  Judge, I've got

20     everything I need here, there's nothing else I need and I'm

21     ready to go to trial.

22             **THE DEFENDANT:**  Judge --

23             **THE COURT:**  And then we can talk about setting a

24     trial date.  But I want to make sure that if we do that,

25     that you understand that you're waiving by doing that any

1    right you may have to review this very, very large mass of

2    evidence that may or may not having something to do with

3    your case before trial.

4    **THE DEFENDANT:**  Judge, when I was initially

5    visited by the FBI, as the file says, I willing -- yes,

6    because I was there -- never did I imagine -- I was there as

7    an independent journalist.  I witnessed events that I said

8    to the investigating agents that I would be willing to help

9    them.  I did witness bad behavior, and it is shocking to

10   me -- the only thing I can assume is that I'm being targeted

11   because I didn't sell the narrative saying everybody there

12   was bad or whatever.  I witnessed it, and I said from day

13   one that I am willing to offer that evidence.

14   **THE COURT:**  Well, let me ask you, though -- and I

15   need you to answer my question just for purposes of deciding

16   what we do about schedule.  Again, if you want to confer

17   privately with Mr. Gilsenan about this before you make a

18   final decision, you're welcome to do so.  And I would

19   encourage you to do so, because it's an important decision.

20   But I can go ahead and set a trial date now if you'd like.

21   But if I do that, Ms. Eve has said that it's unlikely that

22   this very large mass of general evidence which may or may

23   not pertain to you will not be available until January or

24   February.

25          The question is do you want to wait and have an

1    opportunity to review that evidence or do you want me to go

2    ahead and just set a trial date now, in which case you might

3    not, and probably would not, have access to that very large

4    collection of materials before your case is heard and

5    submitted to a jury?

6         **THE DEFENDANT:**  I'm confident I have all the

7    evidence I need, because my intent was to be a journalist

8    there, an independent journalist.

9         **THE COURT:**  So would you like to go ahead and set

10   a trial date now?

11        **THE DEFENDANT:**  I would suggest so.  Can we --

12   like I said, I need to look at the discovery more, and I'd

13   like to make a couple of motions.

14        **THE COURT:**  So would you like to --

15        **THE DEFENDANT:**  I need to get some documents

16   entered into the court.

17        **THE COURT:**  That's fair.

18        **THE DEFENDANT:**  I need to have a few key documents

19   entered into the court.

20        **THE COURT:**  Mr. Bochene, what about this:  Why

21   don't we give you a chance to think about that and figure

22   out what motions you want to file, if any.  We can

23   reconvene -- and you can tell me when you want to reconvene.

24   We can have another status conference, and at that status

25   conference I can set a schedule for motions and set a

1    schedule for a trial date.

2              Does that make sense to you?

3              **THE DEFENDANT:**  Yes, yes.

4              **THE COURT:**  So when you would like to come back to

5    the Court to do those two things?  I'm happy to --

6              **THE DEFENDANT:**  I would say roughly, off the top

7    of my head, within two weeks, assuming that I can get

8    certain documents into the Court and on the record like I've

9    been trying to for quite a substantial amount of time.

10             **THE COURT:**  I suggest you contact the Clerk's

11   Office with respect to that.  And maybe Mr. Gilsenan can

12   help you with figuring out how to obtain ECF or PACER

13   access, and can point you to the rules that you need to

14   comply with to do that.

15             **THE DEFENDANT:**  Yeah, that would be very helpful.

16             **THE COURT:**  So let me ask, Kristin, I know we're

17   getting ready to start a very long trial, but maybe on one

18   of our Fridays if there's an opportunity or opening for

19   having a further status conference in this matter?

20             **DEPUTY CLERK:**  Yes, Your Honor, I'll check.

21   Please stand by.

22             **THE COURT:**  Thank you.

23             **THE DEFENDANT:**  Oh, Judge, thank you for -- I

24   don't know if you -- generally my schedule -- because I've

25   limited my work income because of this going on, but towards

1    the end of the week is generally better for me.  Right now I

2    try to be out on the road Monday to Thursday.

3            **THE COURT:**  From my perspective, I'm getting ready

4    to start a month-long trial, but we're going to try and

5    reserve times on Fridays for hearings like this.

6            **THE DEFENDANT:**  Okay.  It works out for me.  I

7    don't know if you had that -- I've tried to express to the

8    Court that I'm limited.

9            **THE COURT:**  I'm glad it works out, but that was

10   coincidence.

11           **THE DEFENDANT:**  Oh jeez, I thought you were really

12   accommodating me, but I guess not.  It's just a coincidence,

13   gotcha.

14           We're waiting on Kristin, right, is that the

15   pause?

16           **THE COURT:**  Yes, she's looking.

17           **THE DEFENDANT:**  I had a tough time on the road

18   this week, lots of delays with shippers.

19           **DEPUTY CLERK:**  Your Honor, this is Kristin.  It's

20   going to be tight, but we'd have to only be able to have 30

21   minutes on November 5th -- meaning the hearing's going to

22   have to be very succinct.

23           **THE COURT:**  All right, that's helpful.  At what

24   time, Kristin?

25           **DEPUTY CLERK:**  9:00 a.m.

1          **THE COURT:**  Does that work for everyone?  Ms. Eve,

2     does that work for you?

3          **MS. EVE:**  Yes, Your Honor.

4          **THE COURT:**  Mr. Bochene, does that work for you?

5          **THE DEFENDANT:**  Sounds good to me.

6          **THE COURT:**  And Mr. Gilsenan?

7          **MR. GILSENAN:**  Yes, Judge.

8          **THE COURT:**  All right.  And once again, I very

9     much appreciate your playing the role of standby counsel

10    here.  So I'll put the matter down for a further status on

11    November 5th at 9:00 a.m.  I'm going to exclude time between

12    now and November 5th under the ends of justice exception to

13    the Speedy Trial Act.  The Court concludes that the

14    continuance will serve the interests of justice, and that

15    those interests outweigh the best interests of the public

16    and the defendant in a Speedy Trial.  And in particular, the

17    additional time is necessary so that Mr. Bochene can file

18    anything he wants -- or thinks is appropriate with the

19    Court; so that he can review the plea offer and review the

20    discovery that has been provided to him; and so he can make

21    an informed decision about how he'd like to proceed with

22    respect to schedule going forward.  And so for those

23    reasons, the Court concludes it is appropriate to exclude

24    time between now and November 5th, 2021.

25          Ms. Eve, anything else you'd like to address

1   today?

2              **MS. EVE:**  Nothing from the government, Your Honor.

3              **THE COURT:**  And Mr. Bochene, anything else today?

4              **THE DEFENDANT:**  No, I'm good.  It didn't quite go

5   the way I intended, but it's okay.  I learned a few things

6   that helped me out.

7              **THE COURT:**  Well, as I said, I do encourage you to

8   use Mr. Gilsenan as a resource, and he can at least

9   hopefully advise you with respect to how some of the

10   procedures and rules work.

11              Well, thank you all, and I will see you again on

12   the 5th of November.

13       (Proceedings adjourned at 11:30 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1                    **C E R T I F I C A T E**

2

3            I, **Jeff Hook, Official Court Reporter,**

4    certify that the foregoing is a true and correct transcript

5    of the remotely reported proceedings in the above-entitled

6    matter.

7                    **PLEASE NOTE:**  This hearing occurred by

8    videoconference and is therefore subject to the

9    technological limitations of court reporting remotely.

10

11

12

13        August 21, 2023

14            **DATE**                          **Jeff M. Hook**

15

16

17

18

19

20

21

22

23

24

25

**0**

0418 [1]    1/4

**1**

11:03 [1]    1/7
11:30 a.m [1]    21/13
13202 [1]    1/18
19106 [1]    1/15
1:21-cr-0418 [1]    1/4

**2**

20001 [1]    1/25
2021 [2]    1/6 20/24
2022 [1]    4/4
21 [1]    1/6
21-418 [1]    2/2

**3**

30 [1]    19/20
333 [1]    1/24
3rd [1]    1/17

**4**

418 [1]    2/2
4700-C [1]    1/24

**5**

5th [5]    19/21 20/11
20/12 20/24 21/12

**6**

615 [1]    1/14
6th [3]    3/11 3/20
15/10

**9**

9:00 a.m [2]    19/25
20/11

**A**

a.m [4]    1/7 19/25
20/11 21/13
ability [1]    9/14
able [1]    19/20
above [1]    22/5
above-entitled [1]
22/5
accept [1]    6/15
acceptable [1]    5/4
access [8]    4/10
4/16 9/17 9/20 9/22
15/17 17/3 18/13
accommodating [1]
19/12
Act [1]    20/13
acting [2]    8/18
10/22
action [2]    1/4 2/2
actually [1]    7/11
addition [1]    2/9
additional [1]
20/17
address [3]    7/22
8/4 20/25
adjourned [1]    21/13
advice [2]    7/8 7/12
advise [1]    21/9
advising [1]    7/9

affidavit [6]    8/11
8/16 10/3 10/5
11/17 12/12
again [7]    7/24 7/24
9/18 12/15 16/16
20/8 21/11
agents [1]    16/8
ago [1]    11/18
ahead [4]    14/14
16/20 17/2 17/9
allowed [1]    5/23
Although [1]    11/3
Amendment [1]    14/7
AMERICA [2]    1/3 2/3
amount [3]    15/9
15/10 18/9
ANITA [2]    1/13 2/4
answered [1]    4/24
apologize [1]    5/11
apparently [1]
11/16
appealing [1]    5/18
appear [1]    12/9
APPEARANCES [1]
1/12
appearing [1]    2/4
apply [1]    6/6
appreciate [1]    20/9
apprise [4]    5/3 5/6
5/8 5/10
appropriate [6]
7/22 13/4 13/10
13/13 20/18 20/23
arguments [2]    14/2
15/1
assault [1]    14/7
association [1]
8/14
assume [1]    16/10
assuming [3]    3/3
13/17 18/7
attorney [2]    8/18
9/12
Attorney's [1]    4/2
avail [1]    3/5
available [1]    16/23
Avenue [1]    1/24

**B**

back [2]    11/10 18/4
backtrack [1]    7/17
bad [2]    16/9 16/12
Bankruptcy [1]    1/23
bar [3]    8/13 8/18
9/12
basic [2]    14/25
15/1
basically [1]    14/21
basis [1]    13/6
bat [1]    5/17
become [1]    11/1
behavior [1]    16/9
best [1]    20/15
better [2]    4/24
19/1
beyond [1]    12/19
bill [2]    10/20
10/24
blame [1]    10/23
BOCHENE [21]    1/6

2/3 2/15 3/2 3/3
3/9 3/15 3/17 3/21
4/6 4/14 5/1 5/13
10/25 11/9 11/20
14/11 17/20 20/4
20/17 21/3
both [2]    3/2 3/9
bring [1]    8/5
burden [4]    6/21
12/19 12/20 12/24

**C**

call [2]    9/5 10/14
can [46]
careful [1]    7/11
carried [1]    12/24
case [23]
cases [2]    3/10 7/6
cause [2]    8/5 12/15
certain [1]    18/8
certainly [1]    15/15
certifications [1]
9/22
certify [1]    22/4
chance [1]    17/21
charges [1]    14/10
check [2]    10/10
18/20
Chestnut [1]    1/14
choose [3]    6/22
13/22 13/23
choosing [1]    13/19
clear [1]    8/3
Clerk's [10]    9/2
9/6 9/9 9/24 9/25
10/9 10/10 10/14
10/14 18/10
Clinton [1]    1/17
closing [1]    14/2
coincidence [2]
19/10 19/12
collection [1]    17/4
COLUMBIA [1]    1/1
compiled [1]    15/1
compiling [1]    4/3
complete [1]    15/3
comply [1]    18/14
concern [1]    12/16
concludes [3]    6/18
20/13 20/23
confer [1]    16/16
conference [4]    1/10
17/24 17/25 18/19
confident [2]    7/15
17/6
confidential [1]
3/12
consider [2]    6/20
13/15
Constitution [1]
1/24
consult [1]    13/9
contact [2]    9/4
18/10
context [1]    11/22
continuance [1]
20/14
convey [1]    7/19
cooperative [1]
7/14

costs [1]    8/8
counsel [8]    1/17
2/5 3/9 4/10 5/2
7/7 8/24 20/9
counts [1]    12/3
couple [1]    17/13
court [40]
Courts [1]    1/23
cr [1]    1/4
crafted [1]    7/25
created [2]    4/8
11/18
criminal [7]    1/4
2/2 5/22 7/6 11/23
12/15 13/14

**D**

D.C [1]    4/15
database [2]    4/8
4/11
date [18]    5/5 5/7
5/9 5/9 5/11 6/20
14/17 14/19 15/6
15/24 16/20 17/2
17/10 18/1 22/14
dated [2]    10/5 10/8
day [1]    16/12
DC [2]    1/5 1/25
deadline [1]    14/15
decide [2]    6/15
6/15 7/10 13/16
decides [1]    7/21
deciding [1]    16/15
decision [6]    10/22
14/4 15/19 16/18
16/19 20/21
deemed [1]    3/23
defendant [5]    1/7
1/16 2/3 3/23 20/16
Defender [1]    4/9
Defender's [1]    4/16
defense [3]    4/9
4/24 6/22
definitely [1]
11/16
definitions [1]
14/9
delays [1]    19/18
Deloitte [1]    4/3
demand [4]    10/20
10/21 10/24 11/4
depose [1]    7/4
depositions [1]    7/5
describing [1]
11/25
details [1]    8/14
development [1]
6/19
discovery [12]    3/7
3/8 3/12 3/19 3/20
3/24 4/3 4/15 4/17
6/11 17/12 20/20
discussing [1]    6/12
discussions [1]
6/16
dismiss [5]    8/5 8/7
12/3 12/3 13/5
dismissed [1]    13/18
dispute [1]    13/4

**D**

DISTRICT [4]   1/1
1/1 1/11 1/23
docket [2]   10/12
12/9
docketed [2]   10/11
10/16
document [1]   11/22
documents [4]   10/3
17/15 17/18 18/8
doubt [1]   12/20
down [1]   20/10

**E**

e-mail [1]   10/7
easy [1]   15/2
ECF [1]   18/12
either [3]   5/6
12/24 14/15
else [5]   4/20 15/13
15/20 20/25 21/3
encourage [2]   16/19
21/7
end [2]   14/20 19/1
ends [1]   20/12
engage [2]   5/6 6/16
enormous [1]   15/9
enough [1]   5/12
entered [3]   8/16
17/16 17/19
entitled [1]   22/5
entitlement [1]
15/16
ERIC [2]   1/6 2/3
EVE [11]   1/13 2/5
2/12 2/22 4/20 15/6
15/11 15/14 16/21
20/1 20/25
even [1]   6/15
events [4]   3/11
3/20 15/9 16/7
everybody [3]   2/6
2/7 16/11
everyone [3]   2/10
2/20 20/1
evidence [21]   6/19
12/4 12/23 13/1
13/6 13/8 13/20
13/21 13/24 13/25
14/22 14/22 15/2
15/8 15/9 15/17
16/2 16/13 16/22
17/1 17/7
evidentiary [3]   6/8
6/11 6/17
exception [1]   20/12
exclude [2]   20/11
20/23
exists [1]   3/19
express [1]   19/7
extremely [1]   7/13

**F**

fact [2]   3/15 10/3
facts [12]   8/4 8/12
8/16 10/4 10/5
11/17 11/17 11/22
12/8 12/13 12/21
14/8

fair [2]   5/12 17/17
faith [3]   10/19
10/22 13/6
FBI [1]   16/5
February [2]   4/4
16/24
Federal [3]   4/8
4/15 13/13
fee [2]   10/19 11/4
feedback [2]   2/11
fees [1]   8/8
few [2]   17/18 21/5
figure [4]   4/5 4/13
11/10 17/21
figuring [1]   18/12
file [18]   6/17 8/22
9/14 9/16 9/19 9/23
10/25 11/13 11/21
12/5 13/5 13/8
13/12 13/14 14/16
16/5 17/22 20/17
filed [5]   9/1 9/5
9/7 10/1 14/17
files [1]   12/1
filing [1]   9/14
final [1]   16/18
find [3]   10/8 10/18
10/21
first [2]   13/21
14/7
five [1]   7/18
Floor [1]   1/17
follow [1]   10/15
For the Defendant [1]
1/16
foregoing [1]   22/4
forth [1]   12/23
forward [1]   20/22
forwarded [2]   3/1
3/4
FPD [1]   1/17
FPD-NY [1]   1/17
Fridays [2]   18/18
19/5
further [3]   5/6
18/19 20/10

**G**

general [1]   16/22
generally [2]   18/24
19/1
GILSENAN [16]   1/16
2/5 3/2 3/4 3/5 7/7
7/13 7/15 8/23 9/18
10/7 13/10 16/17
18/11 20/6 21/8
glad [1]   19/9
God [1]   7/17
goes [1]   14/3
good [6]   2/6 10/18
10/22 13/6 20/5
21/4
gotcha [1]   19/13
government [16]
1/13 2/4 2/12 3/12
3/14 4/25 6/21
12/19 12/22 12/24
13/15 13/20 14/1
14/15 15/7 21/2
government's [3]

2/23 12/22 13/25
guarantee [1]   7/20
guess [1]   19/12

**H**

halfway [2]   14/24
15/3
happen [1]   11/14
happy [4]   5/21 6/3
7/15 18/5
head [1]   18/7
hear [4]   2/17 5/12
6/3 14/13
heard [1]   17/4
hearing [7]   5/5 6/8
6/11 6/17 14/18
14/18 22/7
hearing's [1]   19/21
hearings [1]   19/5
heavily [1]   6/6
help [3]   7/7 16/8
18/12
helped [1]   21/6
helpful [3]   7/14
18/15 19/23
here's [1]   12/7
hi [1]   2/20
highly [1]   3/23
himself [2]   3/16
4/7
hindered [1]   8/15
hinders [1]   8/18
Honor [12]   2/14
2/25 3/8 4/1 4/18
4/21 4/23 6/7 18/20
19/19 20/3 21/2
HONORABLE [1]   1/10
HOOK [3]   1/22 22/3
22/14
hope [1]   3/5
hopefully [2]   7/6
21/9
hours [1]   15/11
huge [1]   15/10
hundreds [2]   15/11
15/11

**I**

imagine [1]   16/6
important [1]   16/19
improper [1]   13/7
inclination [1]
14/14
including [2]   3/13
11/2
income [1]   18/25
independent [3]
14/9 16/7 17/8
indicated [1]   4/25
indictment [1]
13/17
individual [1]   4/10
information [1]
13/17
informed [2]   15/18
20/21
initially [1]   16/4
inquiries [1]   4/18
instruct [1]   14/3
intended [1]   21/5

intent [1]   17/7
interested [1]   8/13
interests [3]   20/14
20/15 20/15
interpret [1]   11/6
interpreted [1]
10/19
interruption [2]
7/19 7/21
into [9]   5/21 8/1
8/3 8/14 8/16 11/17
17/16 17/19 18/8
investigating [1]
16/8
invoice [2]   10/20
10/24
involved [1]   5/23
involving [1]   3/11
issues [2]   7/10
13/4

**J**

January [5]   3/11
3/20 4/4 15/10
16/23
January 6th [3]
3/11 3/20 15/10
jeez [1]   19/11
JEFF [3]   1/22 22/3
22/14
job [1]   12/12
JOHN [2]   1/16 2/5
journalist [4]   14/9
16/7 17/7 17/8
JUDGE [7]   1/11 8/12
15/19 15/22 16/4
18/23 20/7
jury [5]   13/19 14/3
14/3 14/3 17/5
justice [2]   20/12
20/14

**K**

key [1]   17/18
knowing [1]   15/18
knows [1]   15/14
Kristin [4]   18/16
19/14 19/19 19/24

**L**

large [4]   11/1 16/1
16/22 17/3
last [1]   7/24
law [3]   7/10 7/15
15/1
lawyer [1]   8/23
laying [1]   10/23
leaning [3]   6/6
6/13 14/6
learned [1]   21/5
least [1]   21/8
leave [1]   9/17
legal [2]   7/8 7/12
letter [3]   3/1 5/1
5/17
licensed [1]   9/12
light [1]   3/15
limbo [1]   11/19
limitations [1]
22/9

**L**

limited [3]   9/13
18/25 19/8
local [1]   9/20
long [2]   18/17 19/4
look [2]   5/18 17/12
looking [1]   19/16
lots [1]   19/18

**M**

mail [1]   10/7
makes [1]   14/4
making [1]   7/17
managing [1]   4/9
mass [2]   16/1 16/22
materials [1]   17/4
matter [3]   18/19
20/10 22/6
may [14]   3/6 4/4
5/2 6/23 7/18 13/4
13/8 13/10 15/13
16/1 16/2 16/2
16/22 16/22
maybe [3]   9/18
18/11 18/17
mean [4]   5/8 6/9
6/17 14/12
meaning [1]   19/21
media [2]   10/19
11/2
meetings [1]   8/2
member [3]   8/13
8/17 9/12
merits [1]   6/18
microphones [1]
2/10
might [2]   10/10
17/2
mind [1]   5/18
minutes [2]   7/18
19/21
Monday [1]   19/2
month [1]   19/4
month-long [1]   19/4
months [1]   11/18
more [3]   6/11 15/3
17/12
morning [1]   2/6
MOSS [1]   1/10
most [1]   3/10
motion [10]   6/18
6/18 8/5 8/7 8/8
9/16 9/19 13/5 13/8
14/16
motioning [1]   6/7
motions [13]   11/12
13/3 13/9 13/10
13/12 13/13 13/14
13/16 13/16 14/16
17/13 17/22 17/25
move [1]   6/7
Mr. [33]
Mr. Bochene [19]
2/15 3/2 3/3 3/9
3/15 3/17 3/21 4/6
4/14 5/1 5/13 10/25
11/9 11/20 14/11
17/20 20/4 20/17
21/3

Mr. Gilsenan [14]
3/2 3/4 3/5 7/7
7/13 7/15 8/23 9/18
10/7 13/10 16/17
18/11 20/6 21/8
Ms. [9]   2/12 2/22
4/20 15/6 15/11
15/14 16/21 20/1
20/25
Ms. Eve [9]   2/12
2/22 4/20 15/6
15/11 15/14 16/21
20/1 20/25
much [5]   5/17 6/12
7/23 8/14 20/9
mute [2]   2/10 2/21

**N**

narrative [1]   16/11
nature [2]   11/24
12/4
necessary [1]   20/17
need [25]
negotiations [4]
5/6 5/24 6/2 6/4
neutral [1]   7/9
news [1]   11/2
next [4]   2/24 4/22
11/11 11/14
night [1]   7/25
nobody [1]   2/9
notarized [1]   10/5
NOTE [1]   22/7
notes [2]   5/19 7/19
November [5]   19/21
20/11 20/12 20/24
21/12
November 5th [4]
19/21 20/11 20/12
20/24
number [1]   10/2
NW [1]   1/24
NY [2]   1/17 1/18

**O**

objection [3]   2/12
2/15 2/21
obtain [2]   9/22
18/12
obviously [1]   6/14
occurred [1]   22/7
October [1]   1/6
off [3]   5/17 13/19
18/6
offense [1]   3/1
offer [3]   12/25
16/13 20/19
office [12]   4/2
4/16 9/4 9/6 9/10
9/24 9/25 10/9
10/11 10/14 10/15
18/11
Official [2]   1/23
22/3
once [5]   13/16
14/19 14/21 14/22
20/8
one [8]   3/18 5/20
7/9 7/9 10/3 15/5
16/13 18/17

only [4]   8/17 14/7
16/10 19/20
opening [2]   13/19
18/18
opportunity [5]   3/5
5/1 14/1 17/1 18/18
order [4]   2/9 3/13
3/18 9/22
orders [1]   4/11
ours [1]   14/7
out [11]   4/5 4/13
8/11 11/5 11/11
17/22 18/12 19/2
19/6 19/9 21/6
outweigh [1]   20/15
over [1]   3/22
overwhelming [1]
15/2
own [2]   12/25 13/24

**P**

PA [2]   1/14 1/15
PACER [7]   9/13 9/14
9/17 9/19 9/22 9/24
18/12
papers [1]   9/23
parading [1]   14/10
pardon [1]   7/25
participate [1]
9/19
particular [2]   12/3
20/16
parties [1]   6/1
pause [1]   19/15
people [1]   11/5
permitted [1]   2/8
perplexed [1]   8/15
perspective [4]
2/24 5/14 15/1 19/3
pertain [1]   16/23
pertaining [1]   3/22
pertains [1]   3/21
Philadelphia [1]
1/15
picketing [1]   14/10
Plaintiff [1]   1/4
play [1]   6/2
playing [1]   20/9
plea [10]   2/25 3/4
4/25 5/3 5/5 5/23
6/2 6/15 6/16 20/19
Please [2]   18/21
22/7
point [13]   5/16 6/6
8/4 8/23 8/25 12/13
12/13 13/21 13/24
14/21 15/7 15/12
18/13
possible [3]   10/11
15/10 15/13
practice [1]   13/3
prefer [1]   10/4
preliminary [2]
6/10 6/17
prepared [1]   2/25
present [2]   13/21
13/24
presentation [1]
13/20
presented [1]   7/11

presume [1]   8/17
pretty [2]   6/12
15/2
previous [1]   8/2
previously [1]   4/25
printed [1]   8/11
privately [1]   16/17
probably [4]   14/5
14/24 15/3 17/3
problem [2]   9/8 9/8
procedure [2]   5/23
13/14
procedures [1]
21/10
proceed [2]   13/18
20/21
proceeding [2]   2/13
2/16
proceedings [3]   2/8
21/13 22/5
process [4]   10/11
12/17 12/18 14/4
produced [1]   15/7
proof [2]   6/21
12/19
properly [4]   8/22
9/1 9/5 10/1
proposal [1]   11/12
propose [5]   2/24
4/22 11/14 14/12
14/13
prosecution [4]
6/23 7/3 10/6 14/10
prosecution's [1]
12/12
protective [3]   3/13
3/18 4/11
prove [1]   13/25
provide [1]   7/8
provided [2]   3/12
20/20
providing [3]   4/10
7/12 9/24
public [5]   4/8 4/15
11/1 11/1 20/15
purpose [1]   4/3
purposes [1]   16/15
pursuant [2]   3/13
4/10
put [6]   6/21 6/22
8/14 10/23 14/1
20/10
puts [2]   12/23
12/23

**Q**

quite [4]   6/16
11/21 18/9 21/4

**R**

RANDOLPH [1]   1/10
read [1]   9/21
ready [4]   14/25
15/21 18/17 19/3
really [3]   8/12
10/18 19/11
reasonable [1]
12/20
reasons [1]   20/23
rebroadcast [1]   2/8

**R**

rebut [2]   12/13
12/22
rebuttal [1]   14/2
rebutting [1]   13/1
receive [1]   8/7
received [4]   8/6
8/8 8/9 9/7
recommend [1]   10/13
reconvene [2]   17/23
17/23
record [6]   2/8 8/17
11/1 11/18 14/6
18/8
regard [2]   3/17
3/19
rehearsed [1]   8/1
rehearsing [1]   7/24
relates [1]   15/9
relevant [1]   15/14
remind [1]   2/7
remotely [2]   22/5
22/9
replies [1]   14/18
reported [1]   22/5
Reporter [3]   1/22
1/23 22/3
reporting [1]   22/9
represented [1]
8/13
representing [6]
3/15 4/7 8/20 8/21
8/24 12/16
required [1]   13/23
reserve [1]   19/5
resolved [1]   13/17
resource [1]   21/8
respect [11]   3/20
4/6 4/14 6/4 8/8
9/9 11/20 12/21
18/11 20/22 21/9
respond [2]   3/6
13/15
response [1]   12/10
responses [1]   14/17
responsibility [1]
8/25
retained [1]   4/2
review [8]   4/15 5/2
11/2 12/12 16/1
17/1 20/19 20/19
reviewing [1]   3/3
right [7]   5/17 6/5
16/1 19/1 19/14
19/23 20/8
road [2]   19/2 19/17
role [3]   6/2 6/2
20/9
Room [1]   1/24
roughly [1]   18/6
rules [8]   5/22 9/20
9/21 12/17 13/9
13/13 18/13 21/10

**S**

saying [1]   16/11
schedule [12]   10/19
11/4 11/13 13/11
14/13 14/14 14/18

16/16 17/25 18/1
18/24 20/22
seeking [2]   3/18
13/8
sees [1]   11/23
sell [1]   16/11
semantics [2]   8/2
8/3
sense [1]   18/2
sensitive [1]   3/23
sent [4]   9/9 10/6
10/9 10/14
serve [1]   20/14
services [1]   4/2
set [14]   6/20 12/3
13/11 14/12 14/14
14/15 14/16 14/17
14/19 16/20 17/2
17/9 17/25 17/25
15/23
shippers [1]   19/18
shocking [1]   16/9
show [2]   14/8 15/12
showing [1]   13/24
shows [1]   15/13
side [2]   4/9 7/9
simple [1]   6/24
simply [2]   8/14
9/24
somebody [1]   12/1
Sorry [1]   2/17
sought [1]   3/18
sound [1]   11/24
Sounds [1]   20/5
speaking [1]   2/10
specific [1]   15/8
Speedy [2]   20/13
20/16
Square [1]   1/17
stand [3]   2/23 5/14
18/21
standby [6]   1/17
2/5 5/2 7/7 8/24
20/9
standing [1]   6/12
stands [1]   14/24
start [3]   13/19
18/17 19/4
statement [6]   3/1
10/3 11/17 11/22
12/8 14/20
statements [1]
13/20
STATES [4]   1/1 1/3
1/11 2/3
status [6]   1/10 8/2
17/24 17/24 18/19
20/10
steer [1]   11/9
steps [3]   2/24 4/22
11/11
Street [1]   1/14
subject [1]   22/8
submission [1]   9/9
submit [1]   14/22
submitted [4]   8/5
8/11 14/23 17/5
substantial [1]
18/9

succinct [1]   19/22
suggest [2]   17/11
18/10
supplied [2]   3/9
4/25
suppress [2]   12/4
13/8
suppressed [1]   13/7
sure [11]   6/16 6/25
8/22 8/25 9/25
11/21 13/13 15/15
15/15 15/18 15/24
sworn [1]   10/5
Syracuse [1]   1/18
system [1]   12/15

**T**

talk [2]   13/9 15/23
targeted [1]   16/10
technological [1]
22/9
term [1]   9/13
terms [2]   3/3 4/24
testimony [1]   10/6
therefore [1]   22/8
though [2]   14/12
16/14
thought [2]   13/7
19/11
Thursday [1]   19/2
tight [1]   19/20
times [1]   19/5
title [1]   10/4
today [5]   2/13 2/16
11/10 21/1 21/3
top [1]   18/6
tough [1]   19/17
towards [4]   6/7 6/7
6/13 18/25
transcript [2]   1/10
22/4
trial [28]
tried [1]   19/7
true [1]   22/4
try [3]   11/9 19/2
19/4
trying [2]   10/18
18/9
turned [1]   3/21
two [2]   18/5 18/7
typically [5]   7/5
11/23 12/1 13/2
13/3

**U**

U.S [2]   1/23 4/2
unbeknownst [1]
15/10
under [5]   5/22 9/20
12/17 13/13 20/12
UNITED [4]   1/1 1/3
1/11 2/3
unlikely [1]   16/21
unsure [1]   9/4
up [3]   6/14 8/21
10/15
update [1]   2/23
USAO [1]   1/14
USAO-PA [1]   1/14
use [1]   21/8

used [1]   10/4
utilize [1]   9/13

**V**

various [1]   13/9
via [1]   9/14
video [5]   1/10 2/4
2/4 3/13 15/12
videoconference [3]
2/13 2/16 22/8
visited [1]   16/5
voluminous [1]   3/19

**W**

wait [1]   16/25
waiting [1]   19/14
waiving [1]   15/25
wants [2]   14/16
20/18
Washington [2]   1/5
1/25
way [8]   8/15 10/17
11/6 12/14 12/17
12/18 14/4 21/5
week [3]   14/23 19/1
19/18
weeks [1]   18/7
welcome [4]   7/1
7/22 12/21 16/18
what's [1]   7/21
whichever [2]   9/12
10/4
whose [1]   10/22
willing [3]   16/5
16/8 16/13
wish [1]   9/13
within [1]   18/7
without [3]   7/18
7/20 9/23
witness [2]   7/3
16/9
witnessed [2]   16/7
16/12
work [7]   4/6 4/14
18/25 20/1 20/2
20/4 21/10
working [1]   9/25
works [6]   12/15
12/18 12/18 14/4
19/6 19/9

**Y**

yesterday [1]   3/2